JOHN G. MONTGOMERY AND WIFE V. EDWARD D. NASH AND OTHERS.

The rules of law applicable to this case, were discussed and settled in the case of Montgomery v. Culton, 18 Texas Rep. 747.

The defendant, by plea, attacked the allowance by an executor of a claim against the estate, (duly approved by the chief justice,) for fraud, averring that the plaintiffs and the executor had colluded to cheat and defraud the estate, and for that purpose, had "contrived" the claim, which the executor had fraudulently allowed; the court, by their instructions, fully and fairly submitted to the jury the question of fact, whether the claim, or any part of it, was tainted with fraud, to which the plaintiffs were parties; or whether, for any part thereof, the estate had received no consideration; and charged them that, as to any part thereof so tainted with fraud, to which the plaintiffs were parties, or which was without a valuable consideration, the plaintiffs could not recover: *Held*, that the court below had properly and sufficiently instructed the jury as to the law of the case.

ERROR from Colorado. Tried below before the Hon. James H. Bell.

This suit was brought by the defendants in error, to recover of the plaintiffs in error, the balance of an account against the estate of B. F. Stockton, deceased, for the sum of $1691.41, with interest thereon, from the 12th day of August, 1853, on which day, the same had been allowed by Henry Terrell, executor of the will, &c., and the allowance had been approved by the chief justice.

The grounds on which the defendants in error sought to maintain their action against the plaintiffs in error, and those on which such liability was resisted, as well as the principles on

which it was sustained, appear in the statement of the case in Montgomery v. Culton, 18 Texas Rep. 747.

This suit was commenced on the 18th day of March, 1856; the items of the account consisted of articles of merchandise, and charges for cash paid by the plaintiffs, on the orders and drafts of Terrell, cash paid to divers persons at sundry times, and cash advanced to him.

Among other defences, the defendants pleaded as follows: "And for further answer these defendants say, that the pretended claim of said plaintiffs is unjust and illegal, and can constitute no legal and valid claim against the estate of B. F. Stockton, or against these defendants. Defendants say that said Henry Terrell, by his mal-administration of said estate, had greatly injured and wasted the same; that long before the allowance of this pretended claim, proceedings had been instituted in the county court of Colorado county, to remove said Henry Terrell from the executorship of said estate, on account of his said maladministration, which was well known to the said plaintiffs and the said Terrell; when the said plaintiffs and the said Terrell fraudulently combining and confederating together, for the purpose of cheating and defrauding said estate of a large sum of money, for which the said estate was in no way liable, contrived the pretended account, for the recovery of which this suit is brought, and wrongfully and illegally pretended to charge said estate with the articles and items specified in said account. And the said Henry Terrell fraudulently, and with a view to injure said estate, pretended to allow said accounts, when in truth and in fact, said estate was not indebted to said plaintiffs in any amount whatever; and the articles charged in said account were not for the benefit of said estate, but were procured, if at all, for the individual use and benefit of the said Henry Terrell."

It was proved on the trial, that Terrell had control of the plantation and slaves of the estate; that Stockton died leaving several debts of considerable size, one of which, in the language of the witness, "was stated to be $5000." Terrell, being introduced by the plaintiffs, testified that he had carried on the plantation

from 1841 or 1842 until 1852; that the plaintiffs were instructed by him to furnish supplies to the plantation. Witness examined the account, and stated, that he could not now recollect much about the items of it, but examined it when it was rendered to him, and it was all right then, and supposed still that it was; that he had never paid the balance sued for, to the plaintiffs; that the account was an honest one, and there had been no collusion between the plaintiffs and himself, to fabricate it. The items of merchandise charged in the account, were nearly all staple articles, such as might be required for use on a plantation. The witness, Terrell, explained the charges in the account, for cash paid by the plaintiffs, by reference to each of the items *seriatim*, the substance of which resulted in this; that he settled and took up the claims against the estate by the sale of some of the property of the estate, and some of his own, and for some of them he gave his own notes; the amounts paid by himself he charged in his account against the estate, and the notes given by him, as charged in the account, were paid by the plaintiffs; a certain draft paid by the plaintiffs of $400, was drawn for the use of the defendant, Ann Montgomery, (the daughter of the testator,) while at school. The explanations of the witness on these items were detailed; the substance of them, however, was, that the payments of the money charged in the account, were made either in the liquidation of debts of the estate, or for the education of the said Ann, the residuary legatee.* The witness further stated, that the account kept by him with the estate had never been settled.

There was no testimony tending to show that the articles of merchandise, were not in fact furnished to Terrell, nor that they were not procured for and used for the benefit of the estate, except as to a few inconsiderable items, the statement of which does not become important.

* It will be seen by reference to the case of Montgomery v. Culton, 18 Texas Rep. 747, that by the terms of a compromise between Terrell, executor, and the residuary legatee of Stockton, the defendants in this suit assumed the payment of the debts against the estate, and to save Terrell harmless from liability on account of any debt for which the estate might be legally bound.—REPORTERS.

The instructions given to the jury by the court were as follows :

" When a claim against an estate is allowed by an executor, and approved by the chief justice of the county in which the estate is administered, such claim so allowed and approved, is a judgment against the estate.

" Such allowed and approved claim, can only be attacked, for fraud or mistake, in the allowance and approval of the same.

" It is competent, however, for any person interested in an estate, against which a claim has been allowed and approved, when such claim is sought to be enforced, to show that the claim was without valuable consideration, and was allowed by the executor in fraud of the estate, and that the holder of the claim was a party to the fraud.

" In this case, the claim having the standing of a judgment against the estate of B. F. Stockton, the plaintiffs are entitled to recover the amount of the claim, unless the defendants show that the claim was without valuable consideration; or that the claim was a fraudulent one, and allowed by the executor, in fraud of the estate, and that the plaintiffs were parties to the fraud against the estate.

" If you believe from the evidence, that the claim here sued on, or any part of it, was without valuable consideration, or was allowed by the executor, in fraud of the estate of Stockton, to which fraud the plaintiffs were a party, then the plaintiffs cannot recover for so much of the claim as was without consideration, or was tainted with fraud, to which the plaintiffs were a party.

" The burden of the proof, to show that the claim here sued on, is without valuable consideration, or is tainted with fraud, and that the plaintiffs were a party to the fraud, rests on the defendants ; and unless you are satisfied from the evidence, that the claim sued on was without valuable consideration, or that it is tainted with fraud, and that the plaintiffs were parties to the fraud, then the plaintiffs are entitled to recover in this action.

" The defendants, having taken the property of the estate of

Stockton into their possession, and having executed bond to the former executor, conditioned that they will hold him harmless, from all the just debts of Stockton's estate, they are liable to pay all the just debts of the estate.

"It does not matter that Henry Terrell, as executor of the estate of Stockton, did not keep his accounts with the estate correctly, or that he did not manage the estate economically, or that he managed it dishonestly, unless it is shown, that the claim of the plaintiffs is without valuable consideration, or was allowed by the executor in fraud of the estate, and that the plaintiffs were parties to the fraud.

"If the plaintiffs are entitled to recover upon their claim, they are entitled to recover interest at the rate of eight per cent. per annum, from the time the claim was approved by the chief justice."

The defendants asked the court to instruct the jury:

"That an executor or administrator has no authority to make any contract, that will bind the estate, of which he is such executor or administrator, or the heirs thereof, unless it be for things necessary to preserve the estate.

"That an executor or administrator has no power or authority, to make any contract for the purchase of goods, or for the borrowing of money, or the advance of money, that will be binding on the estate entitled to the same.

"That an executor or administrator cannot bind the estate, by any contract, made by him, for the advancement or loan of money to him.

"That when an executor or administrator, takes up, and settles a claim against an estate, by giving his individual note for the whole or any part of it, which is received by the claimant in settlement of the claim, any person who may afterwards pay, or take up such individual note, has no claim by reason thereof, against the estate; and such individual note of the executor or administrator, can constitute no claim against the estate, or against the heirs, devisees or legatees thereof.

"That if there was no contract between Terrell and the plain-

tiffs, that the amount should bear interest, any charge of interest on said account was unlawful; and the allowance of such claim for interest, was unlawful, and cannot be collected.

"That where an executor or administrator, contracts a debt, necessary for the preservation of the estate, no presentation thereof to such executor or administrator for allowance, or any allowance by him, or any approval of any such allowance by the chief justice, is necessary; and no such allowance or approval, can add anything to the validity.of the claim, and do not give such claim the form or effect of a judgment; especially, when such claim is sought to be enforced against the heir, after such heir has acquired the possession of the estate."

These instructions were refused. There was a verdict for the plaintiffs for principal and interest; and judgment was accordingly rendered for two thousand two hundred and thirty-five dollars and thirty-seven cents. A motion for a new trial, by the defendants, was overruled.

*Jno. B. & G. A. Jones,* for the plaintiffs in error.

*Quinan,* for the defendants in error.

ROBERTS, J.—The main facts, involving the right of defendants in error to sue, and liability of the plaintiffs to be sued, are similar, in this case, to those in the case of Montgomery and wife v. Culton, just decided, (*supra*, p. 156;) and the rules of law, applicable thereto, were discussed and settled in the latter case, when previously in this court. (Montgomery v. Culton, 18 Texas Rep. 747. See also Davenport v. Lawrence, 19 Id. 317; and Jones v. Lewis, 11 Id. 359.)

Under the plea, that the account had been fraudulently allowed by the executor, and was not a just debt against the estate of Stockton, the court below properly and sufficiently instructed the jury as to the law. The executor, Terrell, who allowed the account, was exam'ned as a witness, and, as we think, satisfactorily explained the matters in the account, which

were objected to, so as to authorize the verdict which was rendered in favor of the plaintiffs below. His explanation shows that the debts paid by the plaintiffs below, were really the debts of the estate, whatever may have been the form, in which they appear to have been paid; and that the estate has not accounted either to him or to Nash, Barstow & Co., for these amounts.

Judgment affirmed.